UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                       :
WILLIAM FARRINGTON,                                    :
                                                       :
                            Plaintiff,                 :      18 Civ. 11696 (JPC)
                                                       :
            -v-                                        :      ORDER
                                                       :
SELL IT SOCIAL, LLC,                                   :
                                                       :
                            Defendant.                 :
                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On December 17, 2020, the Court held a hearing on its November 19, 2020 order to show cause as to why a default judgment should not be entered against Defendant. For the reasons stated on the record at the hearing, the Court granted Plaintiff's motion for default judgment, but deferred ruling on his request for an award of $10,000 in statutory damages under the Copyright Act, 17 U.S.C. § 504(c), $10,000 in damages under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1203(c)(3)(B), $425 in attorney's fees, and $440 in costs. For the reasons stated below, the Court now awards Plaintiff $2,000 in statutory damages under the Copyright Act and $2,500 in statutory damages under the DMCA, and $865 in attorney's fees and costs.

## I.      Statutory Damages Under the Copyright Act

Plaintiff seeks an award of $10,000 in statutory damages under the Copyright Act. Section 504 of the Copyright Act allows a court to award "statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court finds that infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). In determining an award of statutory damages, courts in this Circuit consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citing *N.A.S. Impor. Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992)).

With respect to the first factor, Defendant's state of mind, the Court finds significant evidence of willfulness. "[C]ourts in this circuit have consistently found that trademark and copyright infringement may be deemed willful by virtue of a defendant's default, without a further showing by the plaintiff." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12 Civ. 5354 (KAM) (RLM), 2017 WL 10088143, at *5 (E.D.N.Y. Mar. 21, 2017); *see, e.g.*, *Idir v. La Calle TV, LLC*, No. 19 Civ. 6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) (inferring willfulness from a defendant's default). Accordingly, in light of Defendant's default alone, the Court concludes that Defendant's infringement was willful. The Court's finding of willfulness is further supported by the fact that Defendant "operates in the publishing industry and is presumed to have knowledge of copyright law," *Idir*, 2020 WL 4016425, at *3, and the existence of nine copyright actions filed against Defendant in the last three and a half years alone, six of which were filed before this case, *see* Dkt. 23. The latter fact is of particular concern to the Court, since it indicates that "the business of encroaching on others' copyrights is not unfamiliar to the defendant." *Lauratex Textile Cop. V. Alton Knitting Mills Inc.*, 519 F. Supp. 730, 733 (S.D.N.Y. 1981). Finally, the finding of willfulness is further supported by the acts at issue here, namely Defendant's removal of Plaintiff's "gutter credit" when Defendant republished the photograph on its website.

Defendant's default also supports a finding as to the fifth factor—that Defendant did not

"cooperat[e] in providing evidence concerning the value of the infringing material." *Bryant*, 603 F.3d at 144; *see also Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559-60 (S.D.N.Y. 2018).

Nonetheless, several of the remaining factors weigh against a substantial damages award. While Plaintiff is not required to prove actual damages, he has submitted no evidence of how he lost any revenue or how Defendants profited from the infringement. *See McGlynn v. Cools, Inc.*, No. 19 Civ. 03520 (GBD) (DF), 2020 WL 6561658, at *7 (S.D.N.Y. July 1, 2020) ("Plaintiff has provided virtually no information to enable the Court to analyze these factors and assess an appropriate damages award, particularly with respect to any expenses saved by Defendant or revenue lost by Plaintiff."), *report and recommendation adopted*, 2020 WL 5525745 (S.D.N.Y. Sept. 15, 2020). When asked at the default judgment hearing about any lost revenue caused by the infringement, Plaintiff's counsel responded that since he had elected to pursue statutory damages, he would not provide any evidence of such losses. Moreover, there is nothing in the record supporting a finding that any profits would have been anything "more than *de minimis*." *Mordant v. Citinsider LLC*, No. 18 Civ. 9054 (RA), 2019 WL 3288391, at *1 (S.D.N.Y. July 22, 2019).

Plaintiff's counsel also advised at the default judgment hearing that Plaintiff had not sent Defendant any cease-and-desist letters, and there is no other evidence suggesting that Defendant had any actual awareness of the infringement before the suit was filed. *See Dermansky v. Tel. Media, LLC*, No. 19 Civ. 1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) ("[I]n other cases where plaintiffs have received maximum or substantial statutory damages for violation of the Copyright Act, there is additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief."); *Idir*, 2020 WL

4016425, at *3.  This also militates against a substantial award.

While the Court must consider the deterrent effect of any damages award, the Court finds that the award sought by Plaintiff is simply not warranted.  The Court normally would consider an award of $1,000 for a single copyright infringement like this one appropriate to sufficiently promote the goals of deterrence that the Copyright Act is designed to protect, particularly when combined to the $2,500 award for the DMCA violation, as discussed below.  Such an award of $1,000 for the Copyright Act violation would be in line with similarly claims of a single instance of copyright infringement.  *See, e.g.*, *Dermansky*, 2020 WL 1233943, at *6 (awarding $1,000 for a single case of infringement); *Mordant*, 2019 WL 3288391, at *1 (same).  However, in light of the numerous cases filed against this Defendant, which, while none have yet resulted in liability, strongly suggest a willfulness on the part of this Defendant in particular, as well as Defendant's removal of Plaintiff's "gutter credit" when republishing the photograph, the Court will grant an award of $2,000 in this instance.

## II.    Statutory Damages Under the DMCA

Plaintiff also seeks $10,000 in statutory damages under the DMCA.  The DMCA authorizes an award of statutory damages "of no less than $2,500 and no more than $25,000" for each violation.  17 U.S.C. § 1203(c)(3)(B).  In determining statutory damages under the DMCA, courts "consider [several] factors, namely, the difficulty of proving actual damages, the circumstances of the violation, whether Defendants violated the DMCA intentionally or innocently, and deterrence." *Agence France Presse v. Morel*, No. 10 Civ. 2730 (AJN), 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014); *see also Romanowicz v. Alister & Paine, Inc.*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at *5 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) (internal quotation marks omitted).

4

Again, Plaintiff has not provided sufficient justification for the $10,000 award he seeks. Plaintiff provides no information regarding any of his actual damages. He simply provides a list of other cases with high awards, yet fails to explain how those cases are similar to his. Accordingly, "because Plaintiff would have difficulty showing actual damages for removal of the gutter credit and has not made much of an effort to support a damages figure," the Court elects to award the statutory minimum—$2,500. *Jerstad v. New York Vintners LLC*, No. 18 Civ. 10470 (JGK) (OTW), 2019 WL 6769431, at *4 (S.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020); *see also Romanowicz*, 2018 WL 4762980, at *6 (awarding the statutory minimum in light of the plaintiff's failure to justify a higher award). The Court concludes that such an award for the DMCA violation, especially when combined with the $1,000 award on the Copyright Act violation, will provide adequate deterrence.

### III.  Attorney's Fees

Under both the Copyright Act and the DMCA, a court may "in its discretion" award costs to any party (other than the United States), and a reasonable attorney's fee to a prevailing party in a copyright action. 17 U.S.C. §§ 505, 1203(b). In determining whether to award attorney's fees, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively reasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144 (internal citations omitted). "The third factor—objective reasonableness—should be given substantial weight." *Id.* Here, the Court finds that an award of attorney's fees is warranted given Defendant's willful conduct and default judgment.

The Court therefore turns to the reasonableness of the fee. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Millea v. Metro North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  In support of his application, Plaintiff's counsel submitted a statement of fees showing the date on which the services were performed, the amount of time expended, and a description of the services completed.  *See* Dkt. 15 ¶ 32.  This is sufficient to substantiate Plaintiff's request for attorney's fees.  *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160-61 (2d Cir. 1994).  Those records reflect that counsel worked for a single hour on this matter.  The Court finds this reasonable and thus considers whether the requested rate of $425 per hour is reasonable.

In determining what "reasonable fee" is, courts consider "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).  The Second Circuit has instructed courts to consider factors like "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," "the timing demands of the case," and "whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself." *Id.*  The rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

In copyright cases, courts in this district have approved rates between $350 and $500.  *See Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937, 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y.

Oct. 1, 2018). In his Declaration to the Court, counsel for Plaintiff, Richard Liebowitz[1], contends that he is "a founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos." Dkt. 15 ¶ 31. He states that he has "personally filed over two thousand copyright infringement lawsuits since January 2016 and have thereby developed an expertise in the field." *Id.*

The Court notes that it appears that, until relatively recently, Mr. Liebowitz sought compensation of $350 per hour. *See, e.g.*, *Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476 (VSB) (JLC), 2019 WL 384446, at *5 (S.D.N.Y. Jan. 31, 2019) (listing cases), *report and recommendation adopted*, No. 17-CV-9476 (VSB), 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019). And while some courts have found Mr. Liebowitz's new rate of $425 justifiable, *see Idir*, 2020 WL 4016425, at *4, others have limited rejected his attempts to inflate his rates, *see Jerstad*, 2019 WL 6769431, at *5. Although Mr. Liebowitz may be "partner" at his firm, he has only been practicing for about five years, the length of time of a mid-level associate. *Id.* Accordingly, the Court therefore declines to award the $425 per hour rate for attorney's fees requested by Plaintiff's counsel, and instead finds that $350 per hour is a reasonable fee in light of Mr. Liebowitz's experience.

## IV.     Costs

As noted above, the Copyright Act permits an award of costs to the prevailing party. 17 U.S.C. § 505. The Court also has discretion to award costs under the DMCA. *Id.* § 1203(b)(4). Plaintiff's Counsel seeks reimbursement for costs totaling $440: $400 for the court filing fee and

---

[1] Subsequent to his submission of his Declaration, Mr. Liebowitz was suspended from the practice of law in the Southern District of New York. Mr. Liebowitz therefore no longer represents Plaintiff, nor did he appear at the default judgment hearing. James H. Freeman, an attorney at Mr. Liebowitz's law firm, represented Plaintiff at the hearing.

$40 in personal service fees.  Because Mr. Liebowitz has attested under the threat of perjury that these costs are correct, the Court awards all of the costs requested, totaling $440.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff is entitled to an award of $2,000 in statutory damages under the Copyright Act and $2,500 in statutory damages under the DMCA. In addition, Plaintiff is entitled to an award of $350 in attorney's fees and $440 in costs.  The Clerk is respectfully directed to enter Judgment in favor of Plaintiff and against Defendant in the total amount of $5,290.  The Clerk is also directed to close any pending motions and to close this case.

SO ORDERED.

Dated: December 21, 2020
       New York, New York

_____
JOHN P. CRONAN
United States District Judge